

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

---

Tel: (202) 616-5446

August 14, 2024

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

     RE:  *Borja v. Nago*, No. 22-16742 (argument held Feb. 12, 2024)

Dear Ms. Dwyer:

     We write in response to plaintiffs' August 7, 2024 letter relying on *Texas Medical Association v. U.S. Department of Health & Human Services*, No. 23-40217, 2024 WL 3633795 (5th Cir. Aug. 2, 2024). The nonbinding decision in that case does not aid plaintiffs' appeal.

     In *Texas Medical Association*, a group of healthcare and air-ambulance service providers challenged agency regulations setting procedural rules for arbitrators to follow in resolving certain medical payment disputes. 2024 WL 3633795, at *3-4. The Fifth Circuit accepted multiple theories of Article III standing advanced by the plaintiffs and rejected the government's argument that the plaintiffs' asserted financial harms were not traceable to the regulations. *Id.* at *5-7. In the court's view, the regulations had a sufficiently "determinative or coercive effect on arbitrators" because they "require[d] controlling arbitrators to some degree" in order to achieve their objective of "instill[ing] uniformity and predictability of outcomes." *Id.* at *7 (quotation marks omitted).

     Here, by contrast, the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) neither requires Hawaii to, nor prevents Hawaii

from, accepting absentee ballots when its former residents move to the Territories where plaintiffs now reside; Hawaii has the option to choose to go beyond UOCAVA's minimum requirements. *See* Gov't Br. 16-19. The federal statute has no "determinative or coercive effect" on Hawaii's voluntary decision whether or not to do so. *Texas Medical Association*, 2024 WL 3633795, at *7 (quotation marks omitted). The far more analogous precedent here is the Seventh Circuit's decision in a materially identical challenge, where the court held that "plaintiffs lack standing to challenge the federal UOCAVA because their injury derives not from the federal statute, but from the failure of [state] law to guarantee them absentee ballots." Gov't Br. 19 (quoting *Segovia v. United States*, 880 F.3d 384, 392 (7th Cir. 2018)).

In all events, the decision in *Texas Medical Association* has no bearing on the merits of plaintiffs' equal-protection challenge, which fails for the reasons outlined by the government in its brief and at oral argument. *See* Gov't Br. 20-49.

        Sincerely,

        *s/ Brian J. Springer*
        Brian J. Springer
        U.S. Department of Justice
        Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 338 words.

                                       *s/ Brian J. Springer*
                                       Brian J. Springer

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                       *s/ Brian J. Springer*
                                       Brian J. Springer